**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **ROYAL DOULTON USA, INC.** | * | |
|     **Plaintiff** | * | |
| v. | * | **Case No.: 05-529- SJR** |
| **SCHENKER, INC.** | * | |
|     **Defendant** | * | |

\* \* \* \* \* \*

## ANSWER TO COMPLAINT AND COUNTERCLAIM

Defendant Schenker, Inc., by and through its attorneys, Kristi L. Anderson and Semmes, Bowen & Semmes, P.C., hereby responds to Plaintiff's Complaint for Declaratory and Equitable Relief and Damages, asserts a counterclaim, and states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the matter asserted in paragraph 1 of the Complaint and therefore denies the allegations contained therein and demands strict proof thereof.

2. Defendant admits the allegations contained in paragraph 2 of the Complaint.

3. Defendant admits the allegations contained in paragraph 3 of the Complaint.

4. Defendant admits the allegations contained in paragraph 4 of the Complaint.

### GENERAL ALLEGATIONS

5. Defendant admits the allegations contained in paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in paragraph 6 of the Complaint.

7. Defendant admits the allegations contained in paragraph 7 of the Complaint to the extent it is quoting language from the Agreement.

8. Defendant admits the allegations contained in paragraph 8 of the Complaint to the extent it is quoting language from the Agreement.

9. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the matter asserted in paragraph 9 of the Complaint and therefore denies the allegations contained therein and demands strict proof thereof.

10. Defendant admits the allegations contained in paragraph 10 of the Complaint to the extent it is quoting language from the Agreement.

11. Defendant admits the allegations contained in paragraph 11 of the Complaint to the extent it is quoting language from the Agreement. Defendant denies that the address continues to be 5240 West 76th Street, Indianapolis, IN 46268 as Defendant assisted with the transition of the distribution center to Wall Township, NJ and the Agreement as since expired.

12. Defendant admits the allegations contained in paragraph 12 of the Complaint to the extent it is quoting language from the Agreement.

13. Defendant admits the allegations contained in paragraph 13 of the Complaint.

14. Defendant admits the allegations contained in paragraph 14 of the Complaint to the extent it is quoting language from the Agreement.

15. Defendant admits the allegations contained in paragraph 15 of the Complaint to the extent it is quoting language from the Agreement.

16. Defendant admits that the Agreement sets forth the terms of payment and contract rates. Defendant denies the remaining allegations contained in paragraph 16 of the Complaint and demands strict proof thereof.

17. Defendant admits the allegations contained in paragraph 17 of the Complaint.

18. Defendant admits the allegations contained in paragraph 18 of the Complaint.

19. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the matter asserted in paragraph 19 of the Complaint and therefore denies the allegations contained therein and demands strict proof thereof.

20. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the matter asserted in paragraph 20 of the Complaint and therefore denies the allegations contained therein and demands strict proof thereof.

21. Upon information and belief, Defendant admits that certain personnel may have visited the Royal Doulton distribution operations. Defendant generally denies the remaining allegations contained in paragraph 21 of the Complaint and therefore demands strict proof thereof.

22. Defendant admits that it submitted a bid to Royal Doulton and, after negotiation, the parties entered into the Agreement, effective August 26, 2002.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant admits that during the course of the Agreement, it bought The CCW Group, Inc. and placed a former CCW person in the Royal Doulton distribution center. Defendant denies the remaining allegations contained in paragraph 24 of the Complaint and demands strict proof thereof.

25. Defendant admits the allegations contained in paragraph 25 of the Complaint.

26. Defendant admits the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint and therefore demands strict proof thereof.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint and therefore demands strict proof thereof.

29. Defendant admits the allegations contained in paragraph 29 of the Complaint. Defendant denies that the attached notes (Exhibit D) accurately document the entire meeting.

30. Defendant admits the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint and therefore demands strict proof thereof.

32. Defendant admits that Faulk sent Royal Doulton an email on February 22, 2004 and the email speaks for itself. Defendant denies the remaining allegations in paragraph 32 and therefore demands strict proof thereof.

33. Defendant admits that the monthly invoices included a line item for "value-added services" in the amount of $16,666. Defendant denies the remaining allegations contained in paragraph 33 of the Complaint and demands strict proof thereof.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint and therefore demands strict proof thereof.

35. Defendant admits that in 2005 Royal Doulton decided to transfer its operations prior to the expiration of the Agreement to a facility owned by Wedgewood, the company that acquired Royal Doulton, in Wall Township, NJ. Defendant lacks sufficient knowledge or information to form a belief as to Royal Doulton's motive to transfer its operations. Defendant admits the remaining allegations contained in paragraph 35 of the Complaint.

36. Defendant admits the allegations contained in paragraph 36 of the Complaint.

37. Defendant admits that discussions took place about payment of the $16,666 charges and the method by which they would be paid. Defendant generally denies the remaining allegations contained in paragraph 37 of the Complaint.

38. Defendant admits the allegations contained in paragraph 38 of the Complaint.

39. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the matter asserted in paragraph 39 of the Complaint and therefore denies the allegations contained therein and demands strict proof thereof.

40. Defendant admits that Royal Doulton agreed to pay $18,000 toward retention bonuses in response to Defendant's request. Defendant denies that the email referenced (Exhibit I) indicates an acceptance of "Schenker's offer" and therefore demands strict proof thereof.

41. Defendant admits the allegations contained in paragraph 41 of the Complaint.

42. Defendant admits that Stubbs responded to Dewey via letter requesting further details on the requested payment. Defendant denies the remaining allegations contained in paragraph 42 of the Complaint and therefore demands strict proof thereof.

43. Defendant admits the allegations contained in paragraph 43 of the Complaint.

44. Defendant admits the allegations contained in paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint and therefore demands strict proof thereof.

46. Defendant admits the allegations contained in paragraph 46 of the Complaint.

47. Defendant admits that the amounts set forth in the June 23, 2005 invoice are related to the termination of the Agreement. Defendant denies the remaining allegations in paragraph 47 of the Complaint and therefore demands strict proof thereof.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint and therefore demands strict proof thereof.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint and therefore demands strict proof thereof.

50. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore denies the allegations contained in paragraph 50 of the Complaint and demands strict proof thereof.

51. Defendant admits that Hickey received an email from Dewey on July 12, 2005. Defendant denies the remaining allegations contained in paragraph 51 of the complaint and therefore demands strict proof thereof.

52. Defendant admits that Bylin and Murmann had a phone conversation on or about July 12, 2005. Defendant denies the remaining allegations contained in paragraph 52 and therefore demands strict proof thereof.

53. Defendant admits the allegations contained in paragraph 53 of the Complaint.

54. Defendant admits that a telephone conference took place on July 14, 2005. Defendant denies the remaining allegations relating to Defendant's conduct or intentions and therefore demands strict proof thereof.

55. Defendant denies the allegations contained in paragraph 55 of the Complaint and therefore demands strict proof thereof.

56. Defendant denies the allegations contained in paragraph 56 of the Complaint and therefore demands strict proof thereof.

57. Defendant admits that the agreement provides for alternative dispute resolution procedures. Defendant denies that it failed and refused to agree to any dispute resolution procedure, thus forcing Royal Doulton to file this lawsuit.

58. Defendant denies the allegations contained in paragraph 58 of the Complaint and therefore demands strict proof thereof.

59. Defendant denies that it ever threatened to "shut down" the facility. Defendant generally admits the remaining allegations in paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in paragraph 60 of the Complaint and therefore demands strict proof thereof.

61. Defendant admits the allegations contained in paragraph 61 of the Complaint.

62. Defendant admits the allegations contained in paragraph 62 of the Complaint.

63. Defendant admits the allegations contained in paragraph 63 of the Complaint.

64. Defendant denies the allegations contained in paragraph 64 of the Complaint and therefore demands strict proof thereof.

65. Defendant denies the allegations contained in paragraph 65 of the Complaint and therefore demands strict proof thereof.

## COUNT I

## BREACH OF CONTRACT

66. Defendant adopts and incorporates by reference each and every answer contained in paragraphs 1 through 65 inclusive, as if fully set forth herein.

67. Defendant admits the allegations contained in paragraph 67 of the Complaint.

68. Defendant denies the allegations contained in paragraph 68 of the Complaint and therefore demands strict proof thereof.

69. Defendant denies the allegations contained in paragraph 69 of the Complaint and therefore demands strict proof thereof.

70. Defendant denies the allegations contained in paragraph 70 of the Complaint and therefore demands strict proof thereof.

71. Defendant denies the allegations contained in paragraph 71 of the Complaint and therefore demands strict proof thereof.

72. Defendant denies the allegations contained in paragraph 72 of the Complaint and therefore demands strict proof thereof.

73. Paragraph 73 of the Complaint is a prayer to the court and not an allegation to which a response is required.

## COUNT II

## DECLARATORY RELIEF

74. Defendant adopts and incorporates by reference each and every answer contained in paragraphs 1 through 73 inclusive, as if fully set forth herein.

75. Defendant admits that Royal Doulton has obligations and commitments set forth in the Agreement as well as additional obligations and commitments incurred as a result of dealings with Defendant during the duration of the Agreement.

76. Defendant denies the allegations contained in paragraph 76 of the Complaint and therefore demands strict proof thereof.

77. Defendant denies the allegations contained in paragraph 77 of the Complaint and therefore demands strict proof thereof.

78. Defendant denies the allegations contained in paragraph 78 of the Complaint and therefore demands strict proof thereof.

79. Paragraph 79 of the Complaint is a prayer to the court and not an allegation to which a response is required.

## AFFIRMATIVE DEFENSES

*First Affirmative Defense*

Plaintiff's Complaint, and each count thereof, fails to state a claim upon which relief can be granted.

*Second Affirmative Defense*

Plaintiff's Complaint, and each count thereof, is barred by the doctrine of *res judicata*.

*Third Affirmative Defense*

Plaintiff's Complaint, and each count thereof, is barred by the doctrine of collateral estoppel.

*Fourth Affirmative Defense*

Plaintiff's Complaint, and each count thereof, is barred equitable doctrines of laches, waiver and estoppel.

*Fifth Affirmative Defense*

Plaintiff's Complaint, and each count thereof, is barred by preemption pursuant to federal statute.

*Sixth Affirmative Defense*

Plaintiff's Complaint, and each count thereof, is barred by limitations and statutes of limitations.

*Seventh Affirmative Defense*

Plaintiff's Complaint, and each count thereof, is barred by the statute of frauds.

*Eighth Affirmative Defense*

Plaintiff's Complaint, and each count thereof, is barred by the doctrine of Release.

*Ninth Affirmative Defense*

Plaintiff's Complaint, and each count thereof, must be dismissed for lack of subject matter jurisdiction in this court.

*Tenth Affirmative Defense*

Plaintiff's Complaint, and each count thereof, is barred because Plaintiff failed to comply with one or more express requirements of the Agreement.

*Eleventh Affirmative Defense*

Plaintiff's Complaint, and each count thereof, is barred because Plaintiff failed to act in good faith in carrying out the terms of the Agreement.

*Twelfth Affirmative Defense*

Plaintiff's Complaint, and each count thereof, is barred by Plaintiff's own contributory negligence.

*Thirteenth Affirmative Defense*

Plaintiff's Complaint, and each count thereof, is barred by Plaintiff's failure to mitigate damages.

*Fourteenth Affirmative Defense*

Plaintiff's Complaint, and each count thereof, is barred by accord and satisfaction.

*Fourteenth Affirmative Defense*

Plaintiff's Complaint, and each count thereof, is barred by release.

*Fifteenth Affirmative Defense*

If any sum is determined to be due and owing to Plaintiff, Defendant is entitled to a set off in the amount of $203,090.16.

## GENERAL DENIAL

Defendant generally denies liability on all claims asserted by the Plaintiff and any averment not specifically admitted herein is denied.

## COUNTERCLAIM

## COUNT I - PROMISSORY ESTOPPEL

1. During the term of the Agreement, Royal Doulton made a promise to Schenker and repeatedly assured Schenker that the Agreement would be extended at its expiration ("New Agreement").

2. In accordance with the promise and assurance, Royal Doulton and Schenker entered into negotiations relating to the specific terms of the New Agreement.

3. Over the course of several months, the parties met and discussed the terms of the New Agreement.

4. In reliance upon the promise and assurance to enter into the New Agreement, and with the knowledge and expectation of Royal Doulton, Schenker acquired and applied several assets to the existing operation, including, but not limited to; an HTS license, computers, racking, a conveyor system, cabling, a forklift, etc. (See Exhibit L to the Complaint.) The additional investment was made to increase the existing quality of service and to facilitate the anticipated service requirements of the New Agreement.

5. None of the additional assets were originally contemplated or provided for in the Agreement.

6. Royal Doulton received a benefit from Schenker's additional investment and received more efficient and higher quality service than required by the baseline of the Agreement.

7. Royal Doulton repeatedly promised and assured Schenker that the costs of its additional investments would be recovered under the New Agreement.

8. After the promise and assurance by Royal Doulton to extend the Agreement was made, and after Schenker acquired and applied the additional assets to the existing operation, Royal Doulton unexpectedly decided not to renew the Agreement.

9.      Royal Doulton's failure to act in accordance with its promise caused Schenker to incur additional costs and damages it would not have otherwise incurred in the amount of $203,090.16.

WHEREFORE, and for the foregoing reasons and such other reasons as may be demonstrated, Defendant requests that this Court enter an Order:

A.      Denying the relief sought by Plaintiff;

B.      Dismissing the Compliant with prejudice, assessing any costs of this litigation against Plaintiff, and awarding the Defendant its reasonable attorneys' fees incurred in defending this litigation; and

C.      Awarding judgment in favor of Schenker and against Royal Doulton for damages arising from Royal Doulton's breach of contract in the amount of $203,090.16 and its reasonable costs of suit.

D.      Providing such other relief as the Court deems necessary or appropriate.

**RESERVATION OF CLAIMS AND DEFENSES**

Defendant reserves the right to assert any other claims or defenses as may be available, or may become available to it during the course of these proceedings.

Dated: November 17, 2005

                                        Respectfully submitted,


                                        */s/ Arthur D. Kuhl*
                                        Arthur D. Kuhl (Bar No. 3405)
                                        Reger Rizzo Kavulich & Darnall LLP
                                        1001 Jefferson Plaza, Suite 202
                                        Wilmington, Delaware  19801
                                        Ph: (302) 652-3611
                                        Fx: (302) 652-3620
                                        Em: Akuhl@rrkdlaw.com

                                      Kristi L. Anderson, Esquire
                                      Semmes, Bowen & Semmes
                                      250 West Pratt Street, 16th Floor
                                      Baltimore, Maryland 21201
                                      Ph: (410) 539-5040
                                      Fx: (410) 539-5223
                                      Em: kanderson@semmes.com

                                      ***Attorneys for Schenker, Inc.***

answer.wpd

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of November, a copy of the foregoing *Answer to Complaint and Counterclaim* was filed electronically via ECF and sent via first-class mail, postage prepaid, to the following:

Michael A. Weidinger, Esq.
Liza H. Sherman
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19899-2306

Adam Arceneaux, Esq.
Elizabeth T. L. Raymond
ICE MILLER
One American Square
Box 82001
Indianapolis, IN 46282

*Attorneys for Plaintiff, Royal Doulton USA, Inc.*

/s/ Arthur D. Kuhl
Arthur D. Kuhl (Bar No. 3405)