UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| ROYAL DOULTON USA, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SCHENKER, INC., )<br>)<br>Defendant. ) | Case No. 05-529-SLR |

**SCHEDULING ORDER**

At Wilmington this ___ day of January, 2006, the parties have satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties will exchange by January 31, 2006, the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery.**

    (a) Discovery will be needed on the following subjects:

    2) Plaintiff Royal Doulton U.S.A., Inc.'s, ("Royal Doulton's") alleged obligations or commitments to Defendant Schenker, Inc., ("Schenker") other than, and including, those obligations set forth expressly in the Warehousing and Distribution Service Agreement, executed August 26, 2002, (the "Agreement"), a true and correct copy of which is attached to the Complaint as Exhibit A;

    3) Royal Doulton's alleged liability to Schenker other than, and including, the payments described in the Agreement;

    4) Schenker's alleged breach of, and alleged failure to abide by, its contractual obligations;

    5) Royal Doulton's alleged breach of, and alleged failure to abide by, its contractual obligations;

   6) Schenker's alleged failure and/or threatened failure to perform under the Agreement;

   7) Royal Doulton's alleged failure and/or threatened failure to perform under the Agreement;

   8) Royal Doulton's alleged promise to Schenker and alleged repeated assurances to Schenker that the Agreement would be extended at its expiration or that a new and/or revised Agreement would be entered into by the parties ("New Agreement").

   9) Schenker's alleged reliance upon Royal Doulton's promise and assurance to enter into the New Agreement

   10) Royal Doulton's alleged failure to act in accordance with its promise in association with the New Agreement.

   11) The parties' respective liabilities and damages.

(l) All fact discovery shall be commenced in time to be completed by September 22, 2006.

(m) Maximum of 30 interrogatories by each party to any other party.

(n) Maximum of 30 requests for admission by each party to any other party.

(o) Maximum of eight depositions by plaintiff and eight by defendant.

(p) Each deposition, other than the 30(b)(6) depositions of the parties to the above-captioned litigation, is limited to a maximum of one day, *i.e.*, eight hours, unless extended by agreement of the parties.

(q) Reports from retained experts under Rule 26(a)(2) on issues for which any party has the burden of proof due by June 23, 2006. Rebuttal expert reports due by July 21, 2006.

(r) **Discovery Disputes.** Any discovery disputes shall be submitted to the court pursuant to Fed. R. Civ. P. 37. During the course of discovery, each party is limited to two (2) Rule 37 motions. The court shall makes itself available, however, to resolve through a

telephone conference, disputes that arise during the course of a deposition and disputes related to entry of a protective order.

3. **Joinder of other Parties, Amendment of Pleadings, and Class Certification.** All motions to join other parties, amend the pleadings, and certify a class action shall be filed on or before March 31, 2006.

4. **Settlement Conference.** Pursuant to 28 U.S.C. §636k this matter is referred to Magistrate Judge Mary P. Thynge for the purposes of exploring the possibility of settlement.

5. **Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief on or before October 23, 2006. Briefing shall be pursuant to D. Del. LR 7.1.2. No summary judgment motion may be filed more than ten (10) days from the above date without leave of the court.

6. **Applications by Motion.** Any application to the court shall be written motion filed with the clerk. Unless otherwise requested by the court, counsel shall not deliver copies of papers or correspondence to chambers. Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1.

7. **Motions in Limine.** All motions in limine shall be filed on or before two weeks before pretrial conference. All responses to said motions shall be filed on or before one week before pretrial conference.

8. **Pretrial Conference.** A pretrial conference will be held on November 27, 2006, at 10:00 a.m. in courtroom 6B, Sixth Floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

- 4 -

9.      **Trial.**  This matter is scheduled for a one week bench trial commencing on December 11, 2006, in courtroom 6B, Sixth Floor Federal Building, 844 King Street, Wilmington, Delaware.  For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

 

_____
Chief Judge Sue L. Robinson,
United States District Judge

INDY 1654106v1